**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RHONDA LA MAE FARNAM,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

Defendant - Appellee.

No. 14-35907

D.C. No. 3:13-cv-06047-KLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted February 25, 2016[**]

Before:    LEAVY, GRABER, and OWENS, Circuit Judges.

Rhonda Farnam appeals the district court's judgment affirming the

Commissioner of Social Security's partial denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ"), on remand from the Appeals Council, properly accorded "little weight" to the contradicted opinion of orthopedic surgeon Dr. Lynn Staker because Farnam's return to full-time work for nearly seven months during the alleged period of disability was a specific and legitimate reason for the discounted weight.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009).

The ALJ provided specific, clear, and convincing reasons for his credibility finding by citing both the medical evidence and the fact that Farnam returned to full-time work during the alleged period of disability.  *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  Although the ALJ may have erred in relying on Farnam's daily activities as a reason for discounting her credibility, any error was harmless because the ALJ relied upon two other reasons that were supported by substantial evidence.  *See Molina*, 674 F.3d at 1115.

Because the ALJ's credibility finding is supported by substantial evidence and the ALJ properly evaluated the medical evidence, we reject Farnam's assertion that the ALJ erred in making the residual functional capacity finding or in posing

the hypothetical question to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

**AFFIRMED.**